FEDER and others, Respondents, vs. DANIELS, Appellant.

*April 10 — May 5, 1891.*

*Replevin: Sufficiency of special verdict.*

Where, in replevin for a stock of goods taken on execution, the defendant admits the, taking of part of the goods, but impliedly denies the taking of the remainder, a special verdict which does not directly find that the plaintiffs are the owners of the goods claimed, nor that the defendant took all of them, but merely assesses the "value of the goods in question," and is unaccompanied by any general verdict, is fatally defective for not determining all the issues.

APPEAL from the Superior Court of *Milwaukee* County.

Replevin for a quantity of goods of the alleged value of $300, an invoice of which is annexed to the complaint and made a part of it. It is alleged that the property belongs to the plaintiffs, and that the defendant unlawfully detains the possession thereof from them. The answer is: (1) A general denial; and (2) that defendant, who is sheriff of Milwaukee county, seized a stock of goods by virtue of certain executions in his hands issued on judgments against one Frank; that the goods were the property of Frank; and that a part of the goods described in the complaint were included in the stock thus seized.

It was developed on the trial that the plaintiffs sold the goods claimed to Frank on credit about a month before the defendant seized such stock, and that plaintiffs sought to rescind the sale and reclaim the goods on the ground that Frank obtained credit therefor by fraud. The testimony was largely directed to the question whether Frank was solvent or insolvent when he made such purchase.

The jury found specially that the property owned by Frank when he purchased the goods of plaintiffs exceeded his indebtedness nearly $1,000; that he was not then in-

solvent; that when he made the purchase he did not intend to pay for the goods; and that " the value of the goods in question" was $300. No general verdict was returned. The court denied motions by the defendant for judgment in his favor on the special verdict, and for a new trial, and rendered judgment for plaintiffs for the recovery of all the goods claimed, or, in default of a return thereof, for $300, together with interest and costs. Defendant appeals from the judgment.

For the appellant there was a brief by *Winkler, Flanders, Smith, Bottum & Vilas,* and oral argument by *E. P. Vilas.*

For the respondents there was a brief by *Williams, Friend & Bright,* and oral argument by *O. T. Williams.* They contended, among other things, that the verdict in effect found the plaintiffs to be owners of all the goods claimed, since that follows as a conclusion of law from the facts found by the jury.

Lyon, J. The special verdict is fatally defective. The complaint alleges that defendant unlawfully detains from the plaintiffs certain specified goods of the value of $300. The answer admits that defendant seized, and, until the same were replevied in this action, held *a part* of the goods described in the complaint, and denies, in effect, that he so seized and held the remainder of such goods. This made an issue as to the detention by defendant of the portion of the goods covered by such denial, which issue should have been determined by the special verdict. But it was not so determined, either directly or by inference. The jury assessed the value of " the goods in question" at $300, but that does not necessarily mean the goods unlawfully detained by defendant. "The goods in question" of the special verdict may, probably does, mean all the goods claimed by plaintiffs. Neither does it conclusively appear from the

testimony that defendant unlawfully detained from the plaintiffs all the goods contained in the complaint, or $300 worth thereof. Hence the verdict fails to determine the interest of the respective parties in all of the property in controversy. Yet the judgment is for all such goods, or, if return thereof cannot be had, for $300. Under numerous decisions of this court, such defect in the verdict is fatal to the judgment. A general verdict for the plaintiffs would probably have cured the defect in the verdict, but no general verdict was found.

Again, there is no direct finding that the plaintiffs are the owners of the goods claimed. Such ownership was directly in issue by the pleadings, and regularly should have been found. So important an issue should not be left to mere inference.

Other errors are assigned, but, as they are not likely to be repeated on another trial, it is unnecessary to pass upon them.

*By the Court.*— The judgment of the superior court is reversed, and the cause remanded for a new trial.